**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1189-17T3

MI CASITA DAY CARE CENTER,

    Plaintiff-Appellant,

v.

CITY OF CAMDEN,

    Defendant-Respondent.

_____

          Submitted March 26, 2019 – Decided April 5, 2019

          Before Judges Fisher and Hoffman.

          On appeal from the Tax Court of New Jersey, Docket No. 012171-2015.

          Hornstine & Pelloni, LLC, attorneys for appellant (Brian A. Pelloni, on the brief).

          Michelle D. Bank, City Attorney, attorney for respondent (Elissa R. Redmer, Assistant City Attorney, on the brief).

PER CURIAM

This appeal requires our consideration of the tax judge's application of the "square corners" doctrine to a situation where the property owner failed to file a timely appeal to the county board of taxation during the midst of litigation regarding earlier tax years. Finding no error in the tax judge's rulings, we affirm.

Plaintiff Mi Casita Day Care Center, and other entities that were parties to the proceedings in the tax court, own five parcels of land in the City of Camden on which an educational day care facility is operated. Since acquiring these parcels – at various times between October 1985 and May 2012 – Mi Casita and others[1] were granted tax exemptions on their parcels pursuant to N.J.S.A. 54:4-3.6. In December 2010, the City's tax assessor advised that plaintiffs were not eligible for the exemption. No explanation was given for that determination.

Plaintiffs filed timely appeals for the tax year 2011 with the county board of taxation, which upheld the exemption denial. Plaintiffs then filed timely appeals in the tax court and, while those matters were still pending, similar

---

[1] The record reveals that Camden Day Nursery Association and Broadway Family Center were also plaintiffs in these related tax matters. Although these other entities were apparently the owners of one or more of the parcels, only Mi Casita filed a notice of appeal filed in this court. No party attributes any significance to the absence of the other plaintiffs from this appeal. In light of our disposition of this appeal, it makes no difference.

A-1189-17T3

proceedings and determinations in the county board of taxation took place for the tax years 2012 and 2013.

In early 2014, the tax assessor again claimed that plaintiffs were not entitled to exemptions for the tax year 2014. Without repeating the process invoked for the three preceding years, plaintiffs moved for summary judgment in the tax court on the 2011, 2012, and 2013 matters. That motion was returnable March 28, 2014, perilously close to the April 1 deadline for filing an appeal regarding tax year 2014.

Prior to the return date, the City sought plaintiffs' consent to the motion's adjournment. That request generated a controversy because of the looming April 1 deadline for the 2014 tax year; plaintiffs required the City's agreement that the judge's ultimate decision on the earlier appeals would also apply to the 2014 tax year and, briefly, the City agreed. But soon after, the City withdrew that concession on the ground that it did not have the power to reach such an agreement in the absence of plaintiffs' appeal for the 2014 tax year. This impasse resulted in the judge's involvement in a telephone conference that went unrecorded. The outcome of that conference was an adjournment to April 11, 2014. During argument, the City's attorney made it clear the City had no intention of applying the tax court's decision to the tax year 2014. That led to a

3

debate on the record about what, if anything, had been agreed on during the earlier, unrecorded telephone conference. Without deciding the parties' cross-motions or resolving the dispute about what counsel did or didn't agree to during the telephone conference, the judge suggested to plaintiff that "[i]t might be wise to file [the 2014 appeal] late and make an argument about leave to file late and if that's denied, you can make an argument with the [tax] court based upon what transpired at that proceeding." At the conclusion of the argument on the motions' return date, the judge reserved decision, requiring the City's submission of additional factual information.

Plaintiffs submitted to the county board of taxation its appeals regarding the tax year 2014 on May 1, 2014, a month late.

As the tax judge later observed in a written opinion, Camden failed to provide the information referred to during the April 11, 2014 hearing for "over a period of years" despite "numerous opportunities" to do so. Later, the judge denied the summary judgment motions and set the matter down for a trial in September 2016.

In August 2016, reconsideration was sought and the City provided the additional information, prompting an adjournment of the trial. In March 2017, the judge granted summary judgment and directed that the properties be listed

A-1189-17T3

as exempt for tax years 2011, 2012, 2013, 2015 and 2016. The judge reserved decision on tax year 2014, inviting supplemental briefs. After submission of the supplemental filings, the judge rendered a written opinion in which he explained why the denial of an exemption for the tax year 2014 was unreviewable. A later reconsideration motion was also denied.

Plaintiff appeals, arguing in a single point that the judge erroneously applied "the 'square corners' doctrine in concluding that it lacked jurisdiction to decide plaintiff's 2014 claims where plaintiff relied upon the representations of defendant in waiting to file its local appeals until after the statutory deadline." We find insufficient merit in this argument to warrant further discussion in a written opinion, R. 2:11-3(e)(1)(E), and affirm, adding only a few brief comments.

As noted, plaintiff made no attempt to file an appeal regarding the 2014 tax year to the county board of taxation until May 1, 2014, a month after the statutory deadline. See N.J.S.A. 54:3-21 (declaring that a taxpayer "feeling aggrieved . . . may on or before April 1 . . . appeal to the county board of taxation"). That there then remained pending tax court litigation for earlier tax years did not absolve plaintiff of the obligation to file an appeal to the county board of taxation for the tax year 2014. And, because no cognizable appeal was

filed in the county board of taxation, there could be no cognizable appeal filed in the tax court, since a condition of seeking review in the tax court is the existence of a judgment emanating from the county board of taxation. N.J.S.A. 54:51A-9(a) (the assertion of a real property tax dispute in the tax court presupposes a judgment of the county board because the tax court appeal must be "filed within 45 days of the service of [that] judgment").[2]  Because our Supreme Court recognizes that statutory time limitations in tax matters require "strict adherence," F.M.C. Stores Co. v. Borough of Morris Plains, 100 N.J. 418, 424 (1985), and because the Court also views the "[f]ailure to file a timely appeal [as] a fatal jurisdictional defect," id. at 425, we agree with the tax judge's determination that plaintiff's late appeal of the 2014 tax assessment was not reviewable in the tax court.

Plaintiff, however, argues that a proper application of the so-called "square corners" doctrine allows for relief from the consequences of its untimely filing.  The tax judge rejected this, and so do we.  As the Court described this doctrine in F.M.C. Stores, "in dealing with the public, government must 'turn square corners,'" id. at 426, and may not "conduct itself so as to achieve or

_____

[2]  No hearing was ever scheduled on plaintiff's late appeal to the county board of taxation, and no decision was ever rendered.

preserve any kind of bargaining or litigational advantage over the property owner," id. at 427.  When the City sought an adjournment of the summary judgment motions that were returnable days prior to the April 1 deadline, its counsel initially agreed to be bound for that year to the tax court's decision on the earlier tax years.  The judge explained the circumstances that generated this argument:

> [P]laintiffs' square corners argument is based on the March 14, 2014 letter and the emails plaintiffs' counsel exchanged with defendant's counsel and the court on March 17, 2014.  Those communications plainly state that plaintiffs' counsel would consent to an extension of time to respond to plaintiffs' summary judgment motion on two conditions: that defendant would waive the April 1, 2014 filing deadline, and that defendant would agree to execute a [c]onsent [o]rder applying the court's decision with respect to tax year 2013 to tax year 2014.  Shortly after the parties reached this agreement, defendant's counsel memorialized in writing that the City does not have the legal authority to extend the filing deadline.  Defendant's counsel reported that this information had been transmitted to plaintiffs' counsel and, as a result, he had withdrawn his consent to an adjournment.  At that point, the agreement between the parties' counsel regarding an adjournment of the motion was rescinded.  In fact, after notification from the City that it lacked the authority to waive the filing deadline, plaintiffs' counsel participated in a telephone conference with the court during which he did not consent to defendant's adjournment request.

7

In light of these circumstances, the judge concluded that plaintiffs could not reasonably labor under the impression there was an agreement about the 2014 tax year. Plaintiffs knew prior to the filing deadline that regardless of the City's early willingness to accommodate them in exchange for their consent to an adjournment, no relief had been afforded or intended regarding the 2014 tax year. The City did not enter into a bargain and it did not take advantage of plaintiffs in the weeks leading up to the April 1 deadline. The square corners doctrine could not, as the judge correctly held, relieve plaintiffs of the consequence of failing to file a timely 2014 appeal.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1189-17T3